# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

ERIC MARCHON ROGERS,  :
                       :
      Plaintiff,  :
                       :
    v.  :      CIVIL ACTION NO.: CV514-036
                       :
                       :
WARE STATE PRISON - MEDICAL;  :
AUGUSTA STATE MEDICAL  :
PRISON - PHARMACY; and BRIAN  :
OWENS, Commissioner,  :
                       :
      Defendants.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he had to go without his HIV medications for eleven (11) days on two (2) occasions while he was housed at Ware State Prison. According to Plaintiff, his medications are ordered from the Augusta State Medical Prison pharmacy. Plaintiff names as Defendants Ware State Prison-Medical, Augusta State Medical Prison-Pharmacy, and Commissioner Brian Owens.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Hale v. Tallapoosa Cnty.</u>, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." <u>Id.</u> Plaintiff has named Ware State Prison-Medical and Augusta State Medical Prison-Pharmacy as Defendants. However, these entities are not proper "persons" within the meaning of § 1983.

AO 72A
(Rev. 8/82)

Plaintiff's claims against Defendants Ware State Prison-Medical and Augusta State Medical Prison-Pharmacy should be **dismissed**.

In addition, Plaintiff's claims against Defendant Owens should also be **dismissed**, as Plaintiff makes no factual allegations against Defendant Owens. Moreover, it appears that Plaintiff seeks to hold Defendant Owens liable based solely on his supervisory position. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. Plaintiff's claims against Defendant Owens should be **dismissed** for this reason, as well.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim against the named Defendants upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this _2nd_ day of June, 2014.


_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)